TUCKER, P., and CABELL and STAN-ARD, J.,
concurred in the following entry :
BROOKE, J-, dissented.
“The court is of opinion that the case made by the bill, ánd sustained by the proofs, entitled the appellee to relief in equity. But the measure of that relief depended upon the state of facts in regard to the bond for 163 dollars 71 cents, which ought to have been ascertained by proper proceedings before final action upon the case. The appellee in his bill admits, that at the time of the institution of the action at law, that debt was justly due, and supposing that to be the subject of the suit, he designed no defence to it. Although therefore the 200 dollar bond had been paid, Nelson still owed Landon Lindsay 163 dollars 71 cents, to which Mason was equitably entitled. And unless Nelson had paid that sum to Landon Lindsay before notice of Mason’s interest *in the transaction, or unless the bond had been assigned by Lindsay to some third person without notice of Mason’s rights, he must still be liable to Mason for that amount. By the pleadings and proofs, it neither appears that the bon'd for 163 dollars 71 cents has been paid by Nelson, nor that it is not still in Lindsay’s hands. The confused and almost unintelligible deposition of Page would seem to indicate, indeed, that Lindsay had disposed of the bond; but when or how, does not appear. In this state of the case, the court is of opinion that it was erroneous to perpetuate the injunction as to the whole amount of the judgment, since, upon the pleadings as they now stand, Mason would appear to be entitled to this 163 dollars 71 cents, as Nelson states it was unpaid when suit was brought, and neither alleges subsequent *613 ■payment, nor assignment by Lindsay to a third person. The court is therefore of opinion that the said decree is erroneous. Therefore it is decreed and ordered that the same be reversed and annulled, and that the appellee do pay unto the appellant his costs by him expended in the prosecution of his appeal. And it is ordered that the cause be remanded to the circuit superior court, with instructions to dissolve the injunction as to the sum of 163 dollars 71 cents, with interest thereon at the rate of six per centum per annum from the 1st day of November 1831 till paid, and the costs of the action at law, without damages, unless the appellee, by proper proceedings, shall establish to the satisfaction of the court that he hath paid the amount of the said bond before notice of Mason’s interest in the transaction, or that the bond hath been assigned by Lindsay to some third person, who hath title to the same superior to the equitable right of the said Mason.”